IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MUAMAR SAYYED ASAD, § | | |
| a/k/a Muamar Asad Sayyed, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | 2:19-CV-107-M | |
| § | | |
| IMMIGRATION AND CUSTOMS § | | |
| ENFORCEMENT, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PETITION FOR WRIT
OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

Before the Court is the pro se *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* filed by petitioner MUAMAR SAYYED ASAD a/k/a Muamar Asad Sayyed. [ECF 3]. For the reasons set forth below, petitioner's habeas application should be dismissed.

Petitioner is a state prisoner currently confined in the Neal Unit in Potter County, Texas.[1] In the introductory paragraph of his habeas application, petitioner makes the global assertion that he is filing the instant section 2241 petition because he is "being held illegally by the respondent [the United States Immigration and Customs Enforcement agency (ICE)] in violation of the Constitution and the law of the United States." [ECF 3 at 5]. Petitioner, however, is not in ICE custody and does not appear to be challenging any immigration detainer respondent may have

---

[1]The online Offender Information Detail maintained by the Texas Department of Corrections reflects two (2) possible sentences petitioner may be serving: a 15-year sentence assessed August 1, 2008 for the felony offense of theft $20K - $100K out of Collin County, Texas, *State v. Sayyed*, No. 380-82405-07; and a 2-year sentence assessed January 11, 2018 for the felony offense of evading arrest out of Callahan County, Texas. *State v. Sayyed*, No. 7300.

lodged against petitioner.[2] In fact, petitioner identifies "[t]he only question disputed and presented in this petition is whether petitioner has met condition 3 of § 1432(a) and is thus a derivative United States citizen that I.C.E. lacks jurisdiction over." [ECF 3 at 6]. Consequently, the remainder of petitioner's pleading argues only that he has met all of the statutory conditions to derive automatic citizenship and thus he is a "derivative United States citizen." Petitioner does not specifically appear to be challenging any prior determination that he has not established automatic derivative citizenship, nor does he specifically appear to be challenging a final order of removal. Instead, petitioner requests this Court "grant this petition and prevent a great injustice and a constitutional crisis from taking place by giving the words of § 1432(a)(3) their unambiguous and clear meaning" and find "petitioner has clearly demonstrated that he had automatically derived United States citizenship (ADC) from his father." Petitioner simply seeks a determination from this Court as to petitioner's citizenship.

In *Sayyed v. United States Immigration and Customs Enforcement*, Civil Action No. 4:12-CV-1083, the United States District Court for the Southern District of Texas, Houston Division, considered a section 2241 habeas petition filed by petitioner challenging an immigration detainer

---

[2] In 1989, petitioner entered the United States from Israel as a lawful permanent resident.

In 1995 and 1996, petitioner was convicted in Texas of burglary of a habitation and check forgery offenses and sentenced to incarceration in the Texas Department of Criminal Justice.

In 1997, petitioner was ordered removed to Israel based on the convictions and sentences he received in 1995 and 1996.

In 1999, petitioner moved to reopen his case alleging he was a derivative United States citizen, but the motion was denied. Petitioner did not appeal the ruling. That same year, after the motion to reopen was denied, petitioner filed an N-600 application for a certificate of citizenship with the INS that was denied. Petitioner did not appeal the denial.

In 2008, petitioner received the 15-year state sentence for his theft conviction. In 2009, ICE place an immigration detainer on petitioner while he was in the custody of the Texas Department of Criminal Justice.

In 2010, petitioner filed two petitions for review of the removal order with the Fifth Circuit Court of Appeals, both of which were denied for lack of jurisdiction. *Sayyed v. Holder*, No. 10-60597 (5th Cir. 2010); *Sayyed v. Holder*, No. 10-60920 (5th Cir. 2010). In 2011, petitioner filed a second motion to reopen his immigration case that was denied. Petitioner's appeal of that denial was apparently unsuccessful.

*Sayyed v. United States Immigration and Customs Enforcement*, Civil Action No. 4:12-CV-01083 (S.D. Tx. June 21, 2012) [ECF 33, *Order of Dismissal*].

and a final order of removal, as well as petitioner's motion for de novo determination of citizenship. In its June 21, 2012 *Order of Dismissal*, the Houston court noted a federal district court only has jurisdiction to review a derivative citizenship claim in two scenarios: (1) where a claimant has applied for a certificate of citizenship through the filing of Form N-600 with the United States Citizenship and Immigration Services under 8 U.S.C. § 1452(a) <u>outside the removal context</u>,[3] has exhausted his administrative remedies through appeal, and then brings a declaratory judgment action in a federal district court pursuant to 8 U.S.C. § 1503(a); or (2) where the claim of citizenship is raised and rejected as a defense in a removal proceeding, is rejected on appeal by the Board of Immigration Appeals, and the claimant filed a petition for review with a federal court of appeals who then directly transfers the case to the federal district court for a determination of the nationality claim. *Id*. [ECF 33 at 6].

Observing petitioner's case had not been transferred to the district court from a federal appellate court, the Houston Division court found the only issue to determine was whether petitioner's claims arose "by reason of, or in connection with" his prior removal proceedings and noted an affirmative answer to that inquiry would divest the court of subject matter jurisdiction. *Id*. [ECF 33 at 7]. After detailing the procedural history of petitioner's claim and relying on controlling Fifth Circuit authority, the Houston Division court held petitioner's action was barred because his claim of citizenship first arose "by reason of or in connection with" his removal proceedings, and the district court was thus without jurisdiction to consider petitioner's request for determination of citizenship. *Id*. [ECF 33 at 8].

As with the Houston case, a federal court of appeals did not transfer the instant case to this

---

[3]The Houston court noted statute bars a district court from considering a request for a declaration of citizenship where the petitioner's status as a national of the United States "(1) arose by reason of, or in connection with any removal proceeding under the provision of this chapter or any other act, or (2) is in issue in any such removal proceeding." 8 U.S.C. § 1503(a)(1).

district court; rather, petitioner commenced this proceeding by directly filing the action with this Court. Therefore, as in the Houston case, the only issue before this Court is whether petitioner's claim for derivative citizenship arose "by reason of, or in connection with" his removal proceedings. This precise issue was previously raised and rejected by the Houston Division court in a final order, and petitioner simply appears to be attempting to bypass that decision. Petitioner should be precluded from relitigating this exact same claim here.

The Houston court, a court of competent jurisdiction in the prior proceeding, thoroughly addressed why petitioner's request for a judicial determination of citizenship in a district court proceeding initiated by petitioner is barred as a result of the claim being affirmatively raised within petitioner's removal proceedings. Petitioner has not shown the circumstances of his prior removal proceedings and application for certificate of citizenship have changed in any way subsequent to the Houston Division court's finding that a district court is without jurisdiction to consider petitioner's request for determination of citizenship in a petitioner-initiated declaratory action. Petitioner's request for a determination of citizenship in this case is simply duplicative of his earlier request for such a determination in Cause No. 4:12-CV-1083, a case involving the same parties as in the instant proceeding. Once this claim was raised and decided, it may not thereafter be litigated anew. Petitioner's habeas application should be dismissed. Petitioner is precluded from collaterally attacking the prior decision of the Houston Division court under the doctrine of res judicata.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner MUAMAR SAYYED ASAD a/k/a Muamar Asad Sayyed be DISMISSED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 12, 2019.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

HAB41\FCR\ASAD-107.DIS-RES JUDICATA:2